FILED
09/22/2025 - 11:27 AM
CLERK
U.S. BANKRUPTCY
COURT - WDPA

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**
IN RE: SHONDA YVETTE BURGOS aka SHONDA YVETTE WILLIAMS
CASE NO. 23-70224 JAD
CHAPTER 7 – HEARING STATEMENT OF RECORD
HEARING DATE: [September 23, 2025]

## STATEMENT OF RECORD BY DEBTOR REGARDING DUE PROCESS VIOLATIONS, FRAUD UPON THE COURT, AND VOID STATUS OF FORECLOSURE PROCEEDINGS

1.

Debtor appears as the **Executrix of her estate**, a discharged bankrupt under the **Bankruptcy Reform Act of 1978, 92 Stat. 2549**, and the equitable titleholder of property **abandoned by the Trustee** under 92 Stat. 2573, § 554(c).

2.

The Trustee's final report, which is part of the record, states unequivocally that **there were no assets** to liquidate and that **all estate interests were abandoned** to the Debtor. Thus, the home at issue is **no longer property of the estate**.

3.

The foreclosure judgment obtained by Flagstar Bank or its servicer is **void** for multiple jurisdictional and procedural violations:

a.

The Debtor **did file a timely response** to the foreclosure action in state court, contrary to the court's findings. The **failure of the court to acknowledge or docket that filing** constitutes a **denial of due process** under Mullane v. Central Hanover Bank, 339 U.S. 306 (1950) and renders the judgment **void ab initio**.

b.

During the pendency of foreclosure, **Flagstar transferred servicing** to a different party. Despite this, **mortgage statements continued to be sent** in the name of the **prior servicer**, representing a **false designation of the creditor** in violation of **Pub. L. 95–109 (FDCPA), § 807**, and constituting **fraud upon the court**.

c.

Debtor was denied a hearing in a **Quiet Title Action**, for which **no notice was ever served**. The presiding judge acknowledged this lack of notice in his own order. This is a **procedural default and due process violation** under **Jones v. Flowers, 547 U.S. 220 (2006)**.

4.

Debtor received a Chapter 7 **discharge on November 16, 2023**, which extinguished all **personal liability** on the mortgage per **92 Stat. 2588, § 524(a)(2)** and **Dewsnup v. Timm, 502 U.S. 410 (1992)**.

5.

Debtor has **never reaffirmed** the mortgage. Flagstar Bank never obtained a **lawful reaffirmation agreement**, and no Form 1099-C was ever issued to reflect the alleged extinguishment of the mortgage, which **violates IRS discharge reporting policies** under **98 Stat. 494 (Pub. L. 98–369)**.

6.

Debtor has a **recorded phone call** with her **legal aid attorney**, dated prior to the November 14, 2024, hearing, in which the attorney admits:

a.

The **mortgage was written off** and **paid**.

b.

That the **Debtor already filed the necessary answer**.

c.

And that he would appear on Debtor's behalf but ultimately **abandoned the case** without notifying her, violating her right to **adequate representation** under the Sixth Amendment principles recognized in civil-equity practice.

7.

Debtor's **loss mitigation application was denied** on the grounds that she **refused to sign a new contract**, because **signing would have re-contracted with the lender post-discharge**, violating **92 Stat. 2588** and reestablishing a personal liability the **discharge expressly prohibits**.

8.

The mortgage loan is currently reported as **$0 owed**, with **no balance due**, and Debtor is **not the lender** and has **no legal authority** to alter that credit record. This confirms **no enforceable debt**

**remains**, yet Flagstar and its servicer continue to attempt to enforce a lien **in rem** without a valid underlying debt instrument or recorded chain of assignment.

9.

The conduct of Flagstar Bank and its representatives constitutes:

- **Fraud upon the court**;
- **Violation of the discharge injunction**;
- **Lack of standing**;
- **Denial of procedural due process**;
- **Unauthorized collection activity** in violation of the **Bankruptcy Reform Act of 1978** and Supreme Court authority in **Johnson v. Home State Bank, 501 U.S. 78 (1991)**.

10.

Because the **Bankruptcy Court reopened the case under § 350(b)**, and because these claims arise from **independent federal violations** and not from "appealing" a state court judgment, the **Rooker-Feldman Doctrine is inapplicable** under **Exxon Mobil Corp. v. Saudi Basic Industries, 544 U.S. 280 (2005)**.

### RELIEF SOUGHT IN HEARING

Debtor requests that the Court:

1.

**Recognize the foreclosure judgment as void** for fraud and due process violations.

2.

**Enforce the discharge injunction** and prohibit further in rem or in personam collection activity.

3.

Acknowledge the **Debtor's lawful standing as Executrix** of her estate and titleholder of record to the abandoned property.

4.

Refer the conduct of opposing parties to the **U.S. Trustee for sanction and review** under Bankruptcy Rule 9020 and **92 Stat. 2591, § 105(a)**.

## CERTIFICATION

This record has been prepared in full compliance with the Statutes at Large, Supreme Court precedent, and binding constitutional doctrine. No interpretation, paraphrase, or U.S. Code citation has been used.

Respectfully asserted,

X *[signature: Shonda Yvette Williams]*
_____
Shonda Yvette Williams
Executrix / Fiduciary

**Shonda Yvette Burgos aka Shonda Yvette Williams**
**Pro Se – Executrix of the Estate**
Date: September 23, 2025