# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy No. 23-70224-JAD |
| | ) | |
| SHONDA YVETTE BURGOS, | ) | Chapter 7 |
| a/k/a SHONDA YVETTE | ) | |
| WILLIAMS, | ) | Related to ECF Nos. 62 & 63 |
| | ) | |
| Debtor. | ) | |
| _____ | X | |
| | ) | |
| SHONDA YVETTE BURGOS, | ) | |
| a/k/a SHONDA YVETTE | ) | |
| WILLIAMS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| -v- | ) | |
| | ) | |
| FLAGSTAR BANK, N.A., KML | ) | |
| LAW GROUP; NATIONSTAR | ) | |
| MORTGAGE, LLC d/b/a | ) | |
| MR. COOPER, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | X | |

## MEMORANDUM OPINION[1]

---

[1] This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(a) and (b), which vests the District Courts (and, by reference, the Bankruptcy Courts) with jurisdiction over cases under title 11 and civil proceedings arising under, arising in, or related to cases under title 11. The standing order of reference from the United States District Court for the Western District of Pennsylvania under 28 U.S.C. § 157(a) refers such matters to the Bankruptcy Judges of this District. *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* (W.D. Pa. Oct. 16, 1984), https://www.pawd.uscourts.gov/sites/pawd/files/general-orders/bankruptcy_standing_order.pdf. A motion to enforce the discharge injunction under 11 U.S.C. § 524(a) is a "core proceeding" under 28 U.S.C. § 157(b)(2)(A) and (O), as it concerns the administration of the estate and affects the debtor's discharge. Accordingly, this Court has the authority to enter final judgment.

Ms. Shonda Yvette Burgos a/k/a Shonda Yvette Williams (the "Debtor"), appearing without counsel, asks this Court to hold that Flagstar Bank, N.A. and its agents (including its servicer, Nationstar Mortgage LLC d/b/a Mr. Cooper, and its legal counsel, KML Law Group)(collectively, "Flagstar") violated the discharge injunction by pursuing a foreclosure on its mortgage after the Debtor received a chapter 7 discharge. See *Motion to Reopen Case and For Relief*, ECF No. 62.

The dispute here before the Court is not abstract; it concerns the Debtor's home. The Court is mindful of the gravity of that circumstance, but sympathy cannot alter statutory limits. Congress spoke clearly about what a discharge does and does not do, and the United States Supreme Court has long explained how liens survive bankruptcy. When applied here, those authorities foreclose the Debtor's requested relief.

## I.
## BACKGROUND

The procedural posture of this matter is undisputed. The Debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code (11 U.S.C. § 101 et seq.) on July 10, 2023. See *Voluntary Petition for Individuals Filing for Bankruptcy,* ECF No. 1. Thereafter on October 18, 2023, the Chapter 7 Trustee filed on the docket via text entry a report of no distribution, thus abandoning the estate's interest in the Debtor's property. On November 16, 2023, the Court entered a discharge under section 727 of the Bankruptcy Code and the bankruptcy case was closed on December 1, 2023. See *Order of Discharge,* ECF No. 47; Text Entry, ECF No. 50.

Several months later, on February 16, 2024, Flagstar commenced an *in rem* foreclosure action in the Court of Common Pleas of Blair County, Pennsylvania. See Redacted Suppl. Resp., ECF No. 82-1, Ex. F at ECF pp. 111-114. That action resulted in a judgment of foreclosure on March 3, 2025, and thereafter a sheriff's sale was scheduled in the state court system. See id.

To thwart the sheriff's sale, the Debtor filed a number of documents before this Court.[2] Liberally construing the documents filed by the Debtor, the Court has treated them collectively as a motion to reopen the bankruptcy case and as a motion to enforce the discharge injunction under 11 U.S.C. § 524(a). See Jager v. InFirst Bank (In re Jager), 609 B.R. 156, 163–64 (Bankr. W.D. Pa. 2019) (recognizing the duty to liberally interpret the pleadings of a self-represented debtor).

By way of this Court's *Order* dated August 19, 2025, the Court reopened the bankruptcy case to hear and consider the Debtor's grievances as it relates to the applicability of the discharge injunction. See ECF No. 64. The Court is mindful that the Debtor's submissions include a variety of statements alleging violations of other state and federal laws beyond the Bankruptcy Code.[3] But bankruptcy courts are courts of limited jurisdiction. See Celotex Corp. v.

---

[2] See *Formal Demand for Enforcement of Discharge, Invocation of Equity Jurisdiction, and Judicial Redress,* ECF No. 53; *Motion to Reopen Bankruptcy Case and Motion to Enforce Discharge Injunction*, ECF No. 56; *Motion to Dismiss Foreclosure and Enforce Bankruptcy Discharge*, ECF No. 59.

[3] These submissions include the Debtor's *Motion to Reopen Case and for Relief*, ECF No. 62; *Notice of Supplemental Authority*, ECF No. 63; Supplemental Filings in Support of Motion to Dismiss Foreclosure and Enforce Bankruptcy Discharge, ECF No. 70; *Statement of Record by Debtor Regarding Due Process Violations, Fraud Upon the Court, and Void Status of Foreclosure Proceedings*, ECF No. 74; and *Notice of Filing*, ECF No. 75.

Edwards, 514 U.S. 300, 308 n.6 (1995) ("bankruptcy courts have no jurisdiction over proceedings that have no effect on the estate of the debtor"); In re Combustion Eng'g, Inc., 391 F.3d 190, 225 (3d Cir. 2004)("the exercise of bankruptcy power must be grounded in statutory bankruptcy jurisdiction"). Unlike courts of general jurisdiction, bankruptcy courts may adjudicate only those disputes "arising under" the Bankruptcy Code, "arising in" a bankruptcy case, or "related to" a bankruptcy proceeding. 28 U.S.C. §§ 1334(b) & 157. Accordingly, this opinion is confined to the Debtor's request to enforce the discharge injunction under 11 U.S.C. § 524(a) and expresses no views on the host of other legal assertions the Debtor has made.

## II.
## THE DISCHARGE INJUNCTION

The Bankruptcy Code draws a line between a debtor's personal liability on a debt and a creditor's rights in property pledged as collateral (also known as *in rem* rights). Section 524(a)(2) of the Bankruptcy Code makes plain that a discharge "operates as an injunction" against efforts to collect a debt "as a personal liability of the debtor." After a discharge, creditors cannot sue or otherwise pursue the debtor *in personam*. But the Bankruptcy Code says nothing in section 524 about post-discharge enforcement of liens, and that silence is telling.

Congress did, however, speak as to liens in section 506(d) of the Bankruptcy Code, which provides that subject to two narrow exceptions, "[t]o the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void[.]" At first glance, a debtor might think this

-4-

means that liens are void unless they meet the technical definition of an "allowed secured claim" under section 506(a), which in turn measures a secured claim by the value of the collateral. Under that reading, liens would be stripped down in chapter 7 to collateral value.

But the Supreme Court rejected that interpretation in Dewsnup v. Timm, 502 U.S. 410 (1992). There, the Supreme Court explained that section 506(d) cannot be read to authorize lien-stripping in a liquidation case. Id. at 417. Instead, the Supreme Court interpreted the phrase "allowed secured claim" in section 506(d) to mean simply a claim that: (1) has been allowed under section 502, and (2) is secured by a lien that is valid under non-bankruptcy law. Id. at 415–20. Under that interpretation, if a lien was valid on the petition date and the claim has not been disallowed, then the lien passes through bankruptcy unaffected. Id. at 417 ("we are not convinced that Congress intended to depart from the pre-Code rule that liens pass through bankruptcy unaffected").[4]

This construction of section 506(d) works by negative implication. Unless the claim secured by a lien has been disallowed (and unless one of the narrow statutory exceptions applies), the lien is not void. Nothing in chapter 7 authorizes a broader power to cancel liens. As the Supreme Court in Dewsnup observed, liens are creatures of state law, and Congress did not hand bankruptcy courts a

---

[4] This case was administered as a "no-asset" chapter 7, and creditors were instructed pursuant to Bankruptcy Rule 2002(e) not to file proofs of claim. See *Notice of Chapter 7 Bankruptcy Case -- No Proof of Claim Deadline* § 10, ECF No. 21. The absence of a filed claim does not void a lien. Section 506(d)(2) expressly preserves liens where no proof of claim is filed, and the Supreme Court has confirmed that liens ordinarily survive bankruptcy unless disallowed or avoided. Dewsnup v. Timm, 502 U.S. at 415–20; Johnson v. Home State Bank, 501 U.S. 78, 83 (1991).

general warrant to erase them. See id. at 417; Butner v. United States, 440 U.S. 48, 55 (1979)("[p]roperty interests are created and defined by state law").

The Supreme Court's prior decision in Johnson v. Home State Bank points in the same direction. 501 U.S. 78 (1991). There the Supreme Court explained that a bankruptcy "discharge extinguishes *only* 'the personal liability of the debtor'" while "a creditor's right to foreclose on the mortgage survives or passes through the bankruptcy." Johnson, 501 U.S. at 83 (citing 11 U.S.C. §§ 524(a)(1) & 522(c)(2))(emphasis in original). Additionally, in Farrey v. Sanderfoot, the Supreme Court reaffirmed that "[o]rdinarily, liens and other secured interests survive bankruptcy." 500 U.S. 291, 297 (1991). See also Bank of Am., N.A. v. Caulkett, 575 U.S. 790 (2015)(in chapter 7 case, junior mortgage lien survives bankruptcy regardless of whether there is sufficient value in collateral to satisfy any portion of junior mortgage lien if collateral liquidated).

Taken together, these provisions and precedents make the law clear. Chapter 7 offers debtors a meaningful fresh start, but it is a fresh start from personal liability. It does not erase valid liens unless the debtor takes advantage of one of the Bankruptcy Code's specific lien avoidance provisions, such as those found at section 522(f), which governs avoidance of liens that impair exemptions; section 544, which governs applicable state law avoidance rights under the so-called "strong arm" powers afforded to bankruptcy trustees; section 548, which is the avoidance remedy for fraudulent transfers; or section 547, which deals with avoidable preferential transfers. See also Owen v. Owen, 500 U.S. 305, 308-09 (1991)(observing that a fully encumbered property remains subject to a

mortgage lien unless the lien is avoided in accordance with the Bankruptcy Code).

The balance struck by Congress is straightforward—debtors are freed from old personal promises to pay, but post-discharge creditors may still enforce their lien interests against the property pledged as security. Stated in other terms, the fresh start is real, but does not confer a free house.

### III.
### ANALYSIS

The record reflects that Flagstar pursued a foreclosure in state court solely against its collateral. See *Complaint in Mortgage Foreclosure* ¶ 7, attached as Ex. A to the Redacted Suppl. Resp., ECF No. 82-1. It sought no deficiency judgment or recovery against the Debtor personally. That course of action falls squarely within the limits of section 524 and the Supreme Court's precedent discussed above. Had Flagstar attempted to collect a personal judgment above and beyond enforcement of its *in rem* interests, the outcome would be different. However, it did not do so.

The Court does not ignore the fact that the debtor is self-represented or that her home is at risk. For any litigant—particularly one without counsel—the foreclosure of a residence is a serious matter. However, bankruptcy law, as written by Congress, cannot be stretched or ignored on account of sympathy.

Bankruptcy judges have long confronted sympathetic situations. If this Court had unfettered discretion, it would no doubt come to the aid of all honest but unfortunate debtors.

However, the law makes clear that sympathy cannot expand the relief Congress has authorized. For example, in <u>Norwest Bank Worthington v. Ahlers</u>, the Supreme Court acknowledged that the plight of the American farmer is a sympathetic one, yet still held that courts could not disregard the Bankruptcy Code's absolute priority rule. 485 U.S. 197, 209 (1988). The Supreme Court reminded that "whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code." <u>Id</u>. at 206. Similarly, in <u>In re Jager</u>, this Court recognized the debtors' poor health and loss of their family farm, but nevertheless was powerless to ignore the law and was required to enforce obligations that bankruptcy could not erase. 609 B.R. at 160-62. These cases underscore the same point that governs here: bankruptcy courts are not roving commissions to do equity; their authority begins and ends with the Bankruptcy Code.

In rendering this decision, the Court recognizes that the Debtor further argues that she has defenses to foreclosure[5] and objections to the state court's

---

[5] The Debtor filed a separate civil action against Flagstar in the United States District Court for the Western District of Pennsylvania at Civil Action No. 3:25-cv-00121-SLH. This civil action is pending before United States District Judge Stephanie L. Haines, and sounds in wrongful foreclosure. Because the action was stayed as a result of reopening the Debtor's bankruptcy case, and because the Court is denying the Debtor's motion to enforce the discharge and will re-close the bankruptcy, the Court will direct that the Clerk of the Bankruptcy Court transmit a copy of this *Memorandum Opinion* and related order(s) to Judge Haines.

process.[6] Even if those defenses were meritorious,[7] they are not for this Court to resolve. Congress vested foreclosure proceedings in state courts, and any defenses must be raised there, timely and properly.

Bankruptcy courts may enforce the discharge injunction, but they may not sit as appellate tribunals to second-guess state foreclosure judgments. That role is reserved exclusively for the Supreme Court (to the extent that the litigant follows the proper appellate channels through the state court system first). As the Third Circuit recently emphasized in In re Adams, bankruptcy courts cannot be used as a backdoor appeal to relitigate issues already decided in state foreclosure proceedings. No. 24-1212, 2025 WL 2525854 (3d Cir. Sept. 3, 2025).

---

[6] The Court notes confusion in the state court foreclosure record. The docket reflects that the Debtor filed an "Answer and Affidavit" on March 13, 2024. See Redacted Suppl. Resp. Ex. F, ECF No. 82-1. Yet, on January 2, 2025, the trial court entered an order directing the Debtor to file an answer within thirty days. See id. at Ex. C. When no further pleading was filed, Flagstar sought and obtained a default judgment on March 3, 2025. See id. at Ex. E & F. Less than two weeks later, on March 14, 2025, the Debtor filed motions in the state court seeking to "transfer" the litigation to federal court and for preliminary injunctive relief, both of which were denied on April 28, 2025. See id. at Ex. F. The Court expresses no view as to whether the trial court erred in its treatment of the March 13, 2024 filing, or whether the later motions tolled the appeal period. Flagstar contended at this Court's hearing on September 23, 2025 that the March 13, 2024 submission was not a legally cognizable answer under Pennsylvania law and was not treated as such by the state court. Audio of Sept. 23, 2025 Hr'g 10:23:25-10:23:32 These questions lie outside the jurisdiction of this Court.

[7] The Debtor's defenses do not appear to be strong or certain. For example, the Debtor argues that she owes no debt to Flagstar because her credit report shows a zero balance. That theory is legally and evidentially questionable. Credit reports are often inadmissible hearsay when offered to prove the nonexistence of a debt. See Cruz v. MRC Receivables Corp., 563 F. Supp. 2d 1092, 1095 (N.D. Cal. 2008); In re Thistle, No. 96-17127-SSM, 1998 WL 35412015, at *5 (Bankr. E.D. Va. July 17, 1998). Nor does a "charge-off" or the issuance of a Form 1099-C extinguish liability; such entries are internal accounting measures that do not cancel the obligation. Verdini v. First Nat'l Bank of Pa., 135 A.3d 616, 623 (Pa. Super. Ct. 2016); Bononi v. Bayer Emps. Fed. Credit Union (In re Zilka), 407 B.R. 684, 690–91 (Bankr. W.D. Pa. 2009). Moreover, creditors frequently report a "zero balance" on consumer credit reports after a bankruptcy discharge out of caution—so as not to risk the appearance of collecting *in personam* liability and thereby violating § 524(a)(2). See Minech v. Clearview Fed. Credit Union (In re Minech), 632 B.R. 274, 281–82 (Bankr. W.D. Pa. 2021); Thistle, 1998 WL 35412015, at *7.

Instead, principles of preclusion and full faith and credit require federal courts to respect those state-court judgments. Id. at *11.

## IV.
## CONCLUSION

Bankruptcy affords a meaningful fresh start. It releases debtors from personal liability and allows them to begin anew. However, it does not erase valid liens or empower bankruptcy courts to overturn state foreclosure judgments.

Here, Flagstar enforced its mortgage lien *in rem*, exactly as the Bankruptcy Code and the Supreme Court permit. Any defenses to the foreclosure itself belong in the state court, not here.

For these reasons, an order shall be entered that (a) denies the Debtor's motion to enforce the discharge injunction against Flagstar, (b) re-closes this bankruptcy case, and (c) directs that a copy of this *Memorandum Opinion* and related order(s) be transmitted to the Honorable Stephanie L. Haines, United States District Judge for the Western District of Pennsylvania.

Dated: September 30, 2025

The Honorable Jeffery A. Deller
United States Bankruptcy Judge

FILED
9/30/25 10:51 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

Case Administrator to mail to:

Ms. Shonda Yvette Williams a/k/a Shonda Yvette Burgos
Counsel of Record
The Honorable Stephanie L. Haines, United States District Judge
Lisa M. Swope, Chapter 7 Trustee
Office of the United States Trustee

United States Bankruptcy Court
Western District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 23-70224-JAD |
| Shonda Yvette Burgos | Chapter 7 |
|     Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0315-7 | User: auto | Page 1 of 2 |
| Date Rcvd: Sep 30, 2025 | Form ID: pdf900 | Total Noticed: 2 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 02, 2025:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Shonda Yvette Burgos, 1516 3rd Avenue, Altoona, PA 16602-3608 |
| intp | + Shonda Yvette Williams, PO Box 83, 1201 11th Ave., Altoona, PA 16603-3401 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

| | | |
|---|---|---|
| Date: Oct 02, 2025 | Signature: | /s/Gustava Winters |

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 30, 2025 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Brian Nicholas | on behalf of Creditor THE HUNTINGTON NATIONAL BANK brian+ecf@briannicholas.com mccallaecf@ecf.courtdrive.com |
| Denise Carlon | on behalf of Creditor FLAGSTAR BANK N.A. dcarlon@kmllawgroup.com |
| Jeffrey Hunt | on behalf of Creditor Peoples Natural Gas Company LLC ecfpeoples@grblaw.com PNGbankruptcy@peoples-gas.com |
| Lisa M. Swope, Chapter 7 Trustee | on behalf of Trustee Lisa M. Swope Chapter 7 Trustee lms@nsslawfirm.com, PA73@ecfcbis.com,kpetak@spencecuster.com,skosis@spencecuster.com |
| Lisa M. Swope, Chapter 7 Trustee | lms@nsslawfirm.com PA73@ecfcbis.com,kpetak@spencecuster.com,skosis@spencecuster.com |

District/off: 0315-7     User: auto     Page 2 of 2
Date Rcvd: Sep 30, 2025     Form ID: pdf900     Total Noticed: 2

Office of the United States Trustee
   ustpregion03.pi.ecf@usdoj.gov

Sherri J. Smith
   on behalf of Creditor FLAGSTAR BANK  N.A. ssmith@stradley.com, amautz@pincuslaw.com

TOTAL: 7